**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**FOLEY SQUARE DIVISION**

**CASE NO.:  1:26-cv-05865**

GARY MILLER,

                Plaintiff,

v.

COMMERCE MEDIA HOLDINGS, LLC
D/B/A COMPLEX,

                Defendant.

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

**(INJUNCTIVE RELIEF DEMANDED)**

Plaintiff GARY MILLER by and through it undersigned counsel, brings this Complaint against Defendant COMMERCE MEDIA HOLDINGS, LLC D/B/A COMPLEX for damages and injunctive relief, and in support thereof states as follows:

**SUMMARY OF THE ACTION**

1. Plaintiff GARY MILLER ("Miller") brings this action for violations of exclusive rights under the Copyright Act, 17 U.S.C. §§ 106 and 1202, to copy and distribute Miller's original copyrighted Work of authorship after removal of its copyright management information ("CMI") .

2. Miller is a highly accomplished professional photographer who has earned his livelihood through photography for over three decades specializing in major crime photojournalism. Throughout his career, Miller has captured iconic images of important figures such as New York mayor Michael Bloomberg and Vice Presidential candidate Sarah Palin, as well as historic events such as the U.S. presidential inauguration ceremonies for President

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

Barack Obama, the Boston Marathon Bombing, and the aftermath of the attempted assassination of President Donald Trump in 2024. Miller's work has been featured at the Library of Congress, the McMaster University in Ontario, Canada, the Philadelphia Art Gallery, the Brooklyn Museum of Art, the American Museum of Natural History, John Jay College of Criminal Justice Harren Hall, The National September 11 Memorial and Museum, and in a number of documentaries, magazines, and books.

3.      Defendant COMMERCE MEDIA HOLDINGS, LLC D/B/A COMPLEX ("CMH") is a digital media, commerce, and entertainment company focused on youth culture, including sneakers, fashion, music, sports, and pop culture. At all times relevant herein, CMH owned and controlled the social media account on X (formerly Twitter) @ComplexMusic located at the URL https:// https://x.com/ComplexMusic (the "X Account").

4.      Miller alleges that CMH copied Miller's copyrighted Work from the internet in order to advertise, market and promote its business activities. CMH committed the violations alleged in connection with its business for purposes of advertising and promoting sales to the public in the course and scope of the CMH's business.

## JURISDICTION AND VENUE

5.      This is an action arising under the Copyright Act, 17 U.S.C. §§ 501 and 1202.

6.      This Court has subject matter jurisdiction over these claims pursuant to 28 U.S.C. §§ 1331, 1338(a).

7.      CMH is subject to personal jurisdiction in New York.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) and 1400(a) because the events giving rise to the claims occurred in this district, CMH engaged in infringement in this district, CMH resides in this district, and CMH is subject to personal jurisdiction in this district.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

**DEFENDANT**

9.      Commerce Media Holdings, LLC d/b/a Complex is a Delaware Corporation, with

its principal place of business at 229 West 43rd Street, 9th Floor, New York, NY, 10036, and can

be served by serving its Registered Agent, Corporation Service Company, 80 State St., Albany,

New York 12207.

**THE COPYRIGHTED WORK AT ISSUE**

10.     In 1994, Miller created the photograph entitled "Tupac Shot 1994," which is

shown below and referred to herein as the "Work."



11.     Miller applied CMI to the Work consisting of the title "Tupac Shot 94" and his

name "G.N. Miller" which qualify as CMI under 17 U.S.C. § 1202(c).

12.     Miller's Work is protected by copyright but is not otherwise proprietary, or trade

secrets.  The perspective, orientation, positioning, lighting, and other details of the Work are

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

entirely original and creative.  As such, the Work qualifies  as subject matter protectable under the Copyright Act.

13.    Miller registered the Work with the Register of Copyrights on February 05, 2004, and was assigned registration number VA 1-233-155. The Certificate of Registration is attached hereto as **Exhibit 1**.

14.    At all relevant times Miller was the owner of the copyrighted Work.

## INFRINGEMENT BY CMH

15.    CMH has never been licensed to use the Work for any purpose.

16.    On a date after the Work at issue in this action was created, but prior to the filing of this action, CMH copied the Work.

17.    On or about March 27, 2026, Miller discovered the unauthorized use of it Work on the Website.

18.    CMH copied Miller's copyrighted Work without Miller's permission.

19.    After CMH copied the Work, it made further copies and distributed the Work on the internet to promote the sale of goods and services as part of its digital media business.

20.    CMH copied and distributed Miller's copyrighted Work in connection with Defendant's business for purposes of advertising and promoting Defendant's business, and in the course and scope of advertising and selling products and services.

21.    CMH committed copyright infringement of the Work as evidenced by the documents attached hereto as **Exhibit 2**.

22.    Miller never gave CMH permission or authority to copy, distribute or display the Work for any purpose.

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

23.　　When CMH copied and displayed the Work, CMH cropped and removed Miller's CMI from the Work, and displayed and distributed the Work without the CMI, as shown below:



| Miller's Work: | CMH infringing use: |
|---|---|

"Tupac Shot 94" and "G.N. Miller" missing

24.　　The version of the Work reproduced, displayed, distributed, and promoted by CMH omitted Plaintiff's CMI that appeared on the version of the Work from which CMH copied.

25.　　By knowingly removing or omitting Plaintiff's CMI from the Work, CMH obscured the Work's title and Plaintiff's identity as the author and copyright owner of the Work, concealing its infringement, and making it more difficult for consumers, potential licensees, and others to identify or locate Plaintiff and thereby facilitating, enabling, concealing, or inducing infringement of Plaintiff's copyrights.

26.　　Miller never gave CMH permission or authority to remove CMI from the Work.

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

27.    Miller notified CMH of the allegations set forth herein on June 1, 2026. To date, the parties have failed to resolve this matter.

## COUNT I
## COPYRIGHT INFRINGEMENT

28.    Miller incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

29.    Miller owns a valid copyright in the Work.

30.    Miller registered the Work with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

31.    CMH copied, displayed, and distributed the Work and made derivatives of the Work without Miller's authorization in violation of 17 U.S.C. § 501.

32.    CMH performed the acts alleged in the course and scope of its business activities.

33.    Defendant's acts were willful.

34.    Miller has been damaged.

35.    The harm caused to Miller has been irreparable.

## COUNT II
## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

36.    Miller incorporates the allegations of paragraphs 1 through 27 of this Complaint as if fully set forth herein.

37.    The Work at issue contains CMI in the form of the title "Tupac Shot 94" and his name "G.N. Miller" which constitute identifying information under 17 U.S.C. § 1202(c).

38.    CMH knowingly and with the intent to enable or facilitate copyright infringement, removed, omitted, altered, and/or failed to display Plaintiff's CMI from the Work in violation of 17 U.S.C. § 1202(b).

**SRIPLAW**
CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

39. CMH knowingly and with the intent to enable or facilitate copyright infringement, distributed, displayed, advertised, and promoted the Work with the CMI removed in violation of 17 U.S.C. § 1202(b).

40. CMH committed these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Miller's rights in the Work at issue in this action protected under the Copyright Act.

41. CMH caused, directed and authorized others commit these acts knowing or having reasonable grounds to know that it will induce, enable, facilitate or conceal infringement of Miller's rights in the Work that are protected under the Copyright Act.

42. Miller has been damaged.

43. The harm caused to Miller has been irreparable.

WHEREFORE, the Plaintiff GARY MILLER prays for judgment against the Defendant COMMERCE MEDIA HOLDINGS, LLC D/B/A COMPLEX that:

a. CMH and its officers, agents, servants, employees, affiliated entities, and all of those in active concert with them, be preliminarily and permanently enjoined from committing the acts alleged herein in violation of 17 U.S.C. §§ 501, 1203;

b. CMH be required to pay Miller it actual damages and Defendant's profits attributable to the infringement, or, at Miller's election, statutory damages, as provided in 17 U.S.C. §§ 504, 1203;

c. Miller be awarded it attorneys' fees and costs of suit under the applicable statutes sued upon;

d. Miller be awarded pre- and post-judgment interest; and

**SRIPLAW**

CALIFORNIA ♦ FLORIDA ♦ GEORGIA ♦ INDIANA ♦ NEW YORK ♦ TENNESSEE

e.    Miller be awarded such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Miller hereby demands a trial by jury of all issues so triable.

Dated: July 10, 2026                              Respectfully submitted,


*/s/  Joel B. Rothman*
JOEL B. ROTHMAN
Bar Number: JR0352
joel.rothman@sriplaw.com

**SRIPLAW, P. A.**
21301 Powerline Road
Suite 212
Boca Raton, FL 33433
561.404.4335 – Telephone
561.404.4353 – Facsimile

*Counsel for Plaintiff Gary Miller*